CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJKJ
OCT 1 0 2013
JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EARL MATTHEW BOATRIGHT, ) | Civil Action No. 7:13-cv-00422 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| STEVEN CLEAR, et al., ) | By: | Hon. Jackson L. Kiser |
| Defendants. ) | | Senior United States District Judge |

Earl Matthew Boatright, a Virginia prisoner proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff names as defendants Steven Clear, Superintendent of the Southwest Virginia Regional Jail ("Jail"), and Jail staff Major Humbree, Captain Caldwell, Lieutenant Winebarger, Sergeant Parks, Officer Boothe, Officer Duncan, Nurse Ward, and Nurse Heitman. After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

On August 6, 2013, a 260-pound inmate who Officer Boothe pushed into a courthouse holding cell crashed into and fell on top of Plaintiff. Plaintiff's head hit a wall, his left side hit a steel bed rail, his right shoulder hit the bed frame, and his forehead hit the other inmate's head. As a result, Plaintiff allegedly suffers imbalance and severe headaches.

Plaintiff asked Sgt. Parks and Officers Duncan and Boothe to let him see a nurse, but Officer Duncan denied the request until they returned from the courthouse to the Jail. Nurse Heitman, who saw Plaintiff the next day at the Jail, ordered Plaintiff Tylenol twice daily. Although he received an X-ray, Plaintiff did not receive an icepack or a sling because the items were allegedly prohibited inside the Jail's dormitory. Plaintiff also generally complains that

Lieutenant Wineberger locked Plaintiff in a cell at the medical department, where Nurse Ward yelled at him; Plaintiff was moved to segregation cell; Plaintiff was charged $107.90 for the X-ray; and Major Hembree's and Captain Caldwell's responses to Plaintiff's grievances did not provide any relief.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

Plaintiff does not describe facts necessary to establish a plausible violation of federal law actionable via § 1983.[2] Plaintiff does not presently allege facts suggesting a plausible claim that Officer Boothe intentionally or maliciously inflicted unnecessary and wanton pain and suffering upon him. See, e.g., Whitley v. Albers, 475 U.S. 312, 320 (1986). Plaintiff acknowledges he has received medical care, including consultations, pain medication, and an X-ray, the day after the incident, and he fails to describe any resulting harm from a one-day delay. See, e.g., Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); see also Webb v. Hamidullah, 281 F. App'x 159, 166-67 n.13 (4th Cir. 2008) (explaining that a plaintiff must demonstrate how a delay to provide medical care resulted in substantial harm). Plaintiff's disagreement with medical personnel over the course of treatment does not state a § 1983 claim. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff does not have a constitutional right to avoid punitive segregation, and such a custodial classification does not create a major disruption in a prisoner's environment. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995). Nurse Ward's alleged verbal harassment does not constitute an invasion of any identified liberty interest. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights). Plaintiff has "no constitutional right to free medical care." Boblett v. Angelone, 942 F. Supp. 251, 254 (W.D. Va. 1996) (Kiser, J.), aff'd, 121 F.3d 697 (4th Cir. 1997). Major Hembree's and Captain Caldwell's unfavorable responses to Plaintiff's grievances fall far short of establishing § 1983 liability. See Boger v. Johnson, No. 7:10-cv-00194, 2010 U.S. Dist. LEXIS 132679, at *26, 2010 WL 5174364, at *8 (W.D. Va. Dec. 15, 2010) (Wilson,

---

[2] The fact Plaintiff does specify whether he is a pretrial detainee protected by the Due Process Clause of the Fourteenth Amendment or a convict protected by the Cruel and Unusual Punishment Clause of the Eighth Amendment does not impact the disposition of this case. See Carr v. Deeds, 453 F.3d 593, 605 (4th Cir. 2006) (recognizing the Eighth Amendment's excessive force standard controls a detainee's claim of excessive force); Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (recognizing the Eighth Amendment's deliberate indifference standard controls a detainee's claim of inadequate medical care).

J.) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006) (finding that allegations that prison officials and administrators responded inappropriately to inmate's subsequent grievances do not establish the involvement of those officials and administrators in the alleged underlying deprivation)), aff'd, 438 F. App'x 167 (4th Cir. 2011). Superintendent Clear cannot be liable under a theory of respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Accordingly, Plaintiff presently fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTER**: This 10th day of October, 2013.

*/s/ Jackson L. Kiser*
Senior United States District Judge